# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE BOEING COMPANY,      )
     )    DIVISION ONE
     Respondent,      )
     )    No. 73104-1-I
     v.      )
     )    UNPUBLISHED OPINION
PRENTISS B. DAVIS,      )
     )
     Appellant.      )    FILED: September 28, 2015
_____ )

DWYER, J. — While in the employ of The Boeing Company, Prentiss Davis

sustained a workplace injury. A claim for industrial insurance benefits arising

from this injury was allowed for some time but, thereafter, the Department of

Labor and Industries issued an order denying further benefits and closing Davis's

claim. Davis appealed this order, first to the Board of Industrial Insurance

Appeals, which determined that Davis had a permanent partial disability that was

proximately caused by the industrial injury, and then to the superior court, which

affirmed the Board's decision. Davis again appeals, taking issue with numerous

aspects of the proceedings below. We affirm.

I

Davis sustained an industrial injury on February 5, 2007 during the course

of his employment with The Boeing Company. A claim for industrial insurance

benefits was allowed and benefits paid pursuant to the Industrial Insurance Act

(IIA), Title 51 RCW. On October 12, 2011, the Department of Labor and

Industries issued an order which stated: time loss compensation benefits are

ended as paid through August 1, 2011; treatment is no longer necessary and there is no permanent partial disability; the self-insured Boeing will not pay for medical services or treatment after the date of closure; the self-insured Boeing is not responsible for Cerebral Palsy with spasticity, multi-level lumbar degenerative disk disease, and severe crush injury to the left arm, wrist, and hand; and the claim is closed.

Davis filed an appeal from the Department order with the Board of Industrial Insurance Appeals. The case proceeded to an administrative hearing. On May 28, 2013, the industrial appeals judge issued a proposed decision and order (PD&O) which reversed the October 12, 2011 Department order. The PD&O stated that: Davis's low back condition was fixed and stable as of October 12, 2011 and he was not entitled to further treatment; Davis was not a temporary totally disabled worker from August 2, 2011 through October 12, 2011; Davis was not a permanently totally disabled worker as of October 12, 2011; Davis had a permanent partial disability proximately caused by the industrial injury of February 5, 2007; Davis was entitled to a permanent partial disability award equal to Category 3, less a preexisting level equal to Category 2, as described under WAC 296-20-280.

Davis filed a petition for review from the PD&O taking the position that the PD&O should be reversed.[1] Specifically, Davis's attorney argued that the industrial injury prevented Davis from performing reasonably continuous gainful employment from August 2, 2011 through October 12, 2011, and that, as of October 12, 2011, Davis was totally permanently disabled.

---

[1] Boeing also filed a petition for review from the PD&O.

A decision and order was issued by the Board on July 29, 2013, which stated that the PD&O was supported by the preponderance of evidence and was correct as a matter of law. Davis filed an appeal from the Board's order in the Snohomish County Superior Court.[2]

A trial was held April 1-3, 2014. Davis appeared pro se. A jury was impaneled and sworn and evidence in the form of the certified appeal board record was read to the jury. Thereafter, the trial court instructed the jury, arguments of counsel and Davis were presented, and the jury retired to consider its verdict. The jury returned a verdict affirming the Board's decision.

A judgment and order based on the jury verdict was entered on April 10, 2014. Davis petitioned for discretionary review of the trial court's order in the Washington Supreme Court. The case was transferred to this court by an order dated February 4, 2015.

II

Davis makes numerous contentions on appeal, most of which concern issues outside of the scope of the actions and judgment of the superior court.[3]

The IIA provides an exclusive remedy for injured workers. Original jurisdiction over matters arising under the IIA resides with the Department. RCW 51.04.010; Lenk v. Dep't of Labor & Indus., 3 Wn. App. 977, 982, 478 P.2d 761 (1970). The Board and the superior court serve a "purely appellate function." Kingery v. Dep't of Labor & Indus., 132 Wn.2d 162, 171, 937 P.2d 565 (1997);

---

[2] Boeing also filed an appeal from this decision.

[3] These issues include whether there has been a violation of local, state, or federal law or the U. S. Constitution; whether Davis was forced to perform certain activities as a result of his job; whether Davis was denied income or benefits; and whether Davis has been subjected to employment discrimination.

RCW 51.52.060, .115. "The Board's appellate authority is strictly limited to reviewing the specific Department action." Kingery, 132 Wn.2d at 171. Thereafter, "[t]he superior court reviews the Board action on the [same] record." Kingery, 132 Wn.2d at 171. "[I]f a question is not passed upon by the Department, it cannot be reviewed by either the Board or the superior court." Kingery, 132 Wn.2d at 172 (citing Lenk, 3 Wn. App. at 982). Similarly, our review is limited to the actions and judgment of the superior court. See RCW 51.52.140 ("Appeal shall lie from the judgment of the superior court as in other civil cases."); RAP 2.5.

Herein, the Department was limited to determining what workers' compensation benefits Davis was entitled to under the IIA. Accordingly, each level of appellate review was equivalently limited. Therefore, to the extent that Davis's arguments on appeal pertain to facts or issues outside of that scope, they fail.

To the extent that Davis's contentions fall within the permissible scope of our review, they concern the jury instructions and the special verdict form.

Jury instructions cannot be challenged for the first time on appeal. Simpson Timber Co. v. Wentworth, 96 Wn. App. 731, 740, 981 P.2d 878 (1999); accord Couch v. Mine Safety Appliances Co., 107 Wn.2d 232, 244-45, 728 P.2d 585 (1986). The same rule applies to special verdict forms. Raum v. City of Bellevue, 171 Wn. App. 124, 144-45, 286 P.3d 695 (2012).

Herein, copies of the trial court's proposed instructions and special verdict form were distributed to both sides on the second day of trial. The trial court

instructed the parties to "scrutinize all the instructions carefully." The trial court then recessed in order to give the parties time to carefully review the documents. After the recess, the trial court invited comments. Davis responded at length with comments.

After conferring with the parties, the trial court made modifications to both the proposed jury instructions and the special verdict form. The updated documents were distributed to the parties the following day. The trial court then invited "general comments" regarding the updated proposed jury instructions and special verdict form. Davis offered none. Thereafter, the trial court called for any "formal exceptions" to the proposed documents, and Davis stated that he "accept[ed] it as it is."

Because Davis did not object to either the jury instructions or the special verdict form at trial, he failed to preserve the issues related thereto for appeal. This determination necessarily ends our inquiry.

Affirmed.

We concur:

- 5 -